**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**
HELEN I. ZELDES (SBN 220051)
*hzeldes@sshhzlaw.com*
AMY JOHNSGARD (279795)
*ajohnsgard@sshhzlaw.com*
AYA DARDARI (SBN 344039)
*adardari@sshhzlaw.com*
501 W. Broadway, Suite 800
San Diego, CA 92101
Tel: (619) 400-4990
Fax: (310) 399-7040

**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**
JOSHUA A. FIELDS (SBN 242928)
*jfields@sshhzlaw.com*
9415 Culver Blvd., #115
Culver City, CA 90232-2616
Tel: (619) 400-4990
Fax: (310) 399-7040

*Counsel for Plaintiff Mark Blosser and the Proposed Class.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK BLOSSER, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>P.K. Kinder Co., Inc.; and DOES 1-10,<br><br>Defendants. | Civil Case No.: 4:24-cv-6054<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND PUBLIC INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Mark Blosser ("Plaintiff" or "Blosser"), individually and on behalf of all others similarly situated, by and through his counsel, brings the following Complaint against Defendant P.K. Kinder Co., Inc. ("Defendant" or "Kinder's") and DOES 1-10.

## I.     NATURE OF THE ACTION

1.     Kinder's misleadingly labels and advertises its "No Salt" seasoning products, including, but not limited to, its No Salt Garlic & Herb Seasoning, No Salt Blackened Seasoning, and No Salt The Taco Blend (the "Products"), as having "No Salt," when, in reality, one of their main ingredients is potassium chloride, a salt. *See* Figures 1-3, *infra*.

***Figure 1 – Kinder's No Salt Garlic & Herb Seasoning***

 

CLASS ACTION COMPLAINT

1

*Figure 2 – Kinder's No Salt Blackened Seasoning*

2

3

4

5

6

7

8

9

10

11

12

13

14




15

*Figure 3 – Kinder's No Salt The Taco Blend*

16

17

18

19

20

21

22

23

24

25

26

27

28



CLASS ACTION COMPLAINT

2.     Kinder's engages in unlawful, unfair, and fraudulent business practices by expressly representing on its Product labels that the Products have "No Salt," which misleads consumers.

3.     The average consumer spends about 13 seconds when making an in-store purchasing decision.[1] That decision is heavily based upon the product's front label. The false "No Salt" representation is placed conspicuously, in big, bright all-white capital letters against a dark background, in the center of the Products' front labels. Based on their front label, reasonable consumers believe that the Products contain no salt.

4.     In reality, the Products contain an unequivocal salt, potassium chloride.

5.     Consumers rely on Defendant's labeling and advertising of the Products as containing "No Salt" to be truthful. Kinder's knows that consumers are willing to pay more for food products that are labeled as containing "No Salt", and Kinder's advertises the Products with the intention that consumers rely on the representation made on the front of the Products' packaging that the Products have "No Salt."

6.     By deceptively marketing the Products as having "No Salt," Kinder's wrongfully capitalizes on and reaps enormous profits from consumers' preference for food products that are perceived to contain "No Salt".

7.     Defendant's false and misleading labeling and advertising of the Products (i) violates California's Business & Professions Code §§ 17200, *et seq.* (the Unfair Competition Law or "UCL"); (ii) violates California's Business and Professions Code §§ 17500, *et seq.* (the False Advertising Law or "FAL"); (iii) violates California Civil Code §§ 1750, *et seq.* (the Consumers Legal Remedies Act

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, Nielsen (Jan. 2015) https://www.nielsen.com/insights/2015/make-the-most-of-your-brands-20-second-window/ (last visited August 6, 2024).

1  or "CLRA"); (iv) constitutes breach of the implied warranty of merchantability; and
2  (v) constitutes unjust enrichment.

3  ## II.   JURISDICTION AND VENUE

4  8.   This Court has subject matter jurisdiction pursuant to the Class Action
5  Fairness Act, 28 U.S.C § 1332(d), as Plaintiff (Arizona) and Kinder's (California)
6  are diverse, there are over 100 class members, and the amount in controversy
7  exceeds $5 million.

8  9.   This Court has personal jurisdiction over Kinder's because Kinder's is
9  a corporation or other business entity authorized to conduct and does conduct
10  business in the State of California. Kinder's conducts sufficient business with
11  sufficient minimum contacts in California, and/or otherwise intentionally avails
12  itself of the California market through its promotion, sales, distribution, and
13  marketing within this State to render the exercise of jurisdiction by this Court
14  permissible.

15  10.   Venue is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) because
16  Kinder's resides and transacts substantial business in this District, a substantial part
17  of the events giving rise to the claims arose here, Kinder's caused harm to Class
18  members residing within this District, and Kinder's received substantial
19  compensation from such business activity in this District.

20  ## III.   PARTIES

21  11.   Plaintiff Mark Blosser is and, at all times mentioned herein, was a
22  natural person who is a citizen of the United States and who is domiciled in Arizona.
23  On or about March 16, 2022, he purchased Defendant's No Salt Garlic & Herb
24  Seasoning at Sam's Club for $5.98. In making his purchase, Blosser relied upon the
25  "No Salt" claim made on the front label of the Product, which was prepared and
26  approved by Kinder's and its agents and disseminated statewide and nationwide and
27  which was designed to induce consumers to purchase the Products. Had Blosser
28  known that Defendant's "No Salt" representation was false or misleading, he would

1  not have purchased the Product at all or would have paid substantially less for the
2  Product. Blosser has lost money and has been damaged as a result.

3      12.    Blosser would like to buy Defendant's products in the future, if and
4  when they are sold without a false "No Salt" claim. He can no longer rely on the
5  accuracy of the "No Salt" label in deciding whether to purchase Defendant's No Salt
6  seasoning products.

7      13.    Defendant P.K. Kinder Co., Inc. is a California corporation with its
8  principal place of business located at 2121 N. California Blvd, Suite 410, Walnut
9  Creek, CA 94596. Defendant advertises, markets, and operates in the State of
10 California and throughout the United States.

11     14.    Plaintiff does not know the true names or capacities of the persons or
12 entities sued herein as DOES 1-10, inclusive, and therefore sues such defendants by
13 such fictitious names. Plaintiff is informed and believes, and upon such information
14 and belief alleges, that each of the DOE Defendants is in some manner legally
15 responsible for the damages suffered by Plaintiff as alleged herein. Plaintiff will
16 amend this Complaint to set forth the true names and capacities of these Defendants
17 when they have been ascertained, along with appropriate charging allegations, as
18 may be necessary.

## IV.    FACTUAL ALLEGATIONS

### The Products Contain the Salt, Potassium Chloride

21     15.    Kinder's advertises and displays on the front of the Products that they
22 contain "No Salt," thereby misleading reasonable consumers, like Blosser, to believe
23 that the Products do not contain any salt. However, the Products contain a well-
24 known and well-documented salt, potassium chloride.

25     16.    A salt is defined as "an ionic chemical compound formed by replacing
26 all or part of the hydrogen ions of an acid with metal ions or other cations."[2] Both

27 _____
28 [2] The American Heritage Dictionary,
https://www.ahdictionary.com/word/search.html?q=salt (last visited Aug. 7, 2024).

potassium chloride and sodium chloride, along with other potassium- and sodium-containing ingredients (*e.g.*, potassium citrate, sodium lactate), are salts.[3] Potassium chloride is therefore a type of salt, although the common name for this ingredient in the context of food is "potassium chloride" while the common name for sodium chloride is "salt."[4] *See also* 21 CFR § 101.22(h)(4) ("[a]ny salt (sodium chloride) used as an ingredient in food shall be declared by its common or usual name 'salt'").

17.    Although "salt" typically refers to sodium chloride in the context of food, in December 2020, the Food and Drug Administration ("FDA") issued guidance to advise food manufacturers of its intent to exercise enforcement discretion for declaration of the name "potassium salt" in the ingredient statement on food labels as an alternative to "potassium chloride."[5] Recognizing that excess sodium intake increases health risks, the FDA noted that food manufacturers wishing to reduce sodium chloride in their products sometimes use substitutes, such as potassium chloride, and that sodium chloride and potassium chloride have similar tastes and functions.[6] The FDA has taken the position that the alternate name "potassium salt" may help consumers understand the use of potassium chloride as a salt substitute and that "[t]he term 'salt' conveys that ***the ingredient is a salt, similar to sodium chloride***[.]"[7]

18.    Moreover, the FDA regulates nutrient content claims for the sodium content of foods. *See* 21 CFR § 101.61. Importantly, 21 CFR § 101.61(c) provides that "**[t]he term 'salt' is not synonymous with 'sodium'**" and that while salt refers to sodium chloride, "**references to salt content such as…'no salt'…are potentially misleading.**" 21 CFR § 101.61(c) (emphases added). Thus, although

---

[3] Food and Drug Administration, *The Use of an Alternate Name for Potassium Chloride in Food Labeling: Guidance for Industry*, p. 4 (Dec. 2020), https://www.fda.gov/media/125081/download.
[4] *Id*.
[5] *Id*., p. 3.
[6] *Id*., p. 4.
[7] *Id*., p. 5 (emphasis added).

Defendant's representation that its Products contain "No Salt" may be literally true in the sense that they do not contain sodium chloride, the "No Salt" representation is misleading to reasonable consumers because the Products contain potassium chloride, which is unequivocally a salt.

## Consumers Seek Food Alternatives With No Salt

19.     By representing the Products have "No Salt," Kinder's seeks to capitalize on consumers' preference for products with no salt. The global reduced salt food products market generated a revenue of $315,567.1 million in 2021 and is expected to reach $495,080.1 million by 2030.[8] The United States is projected to lead the global reduced salt food products market in 2030.[9] American consumers are actively seeking food and beverages that are low in salt, with salt being the second most limited component after sugar.[10] Indeed, combined results from Gallup polls in 2014, 2015, and 2018 reveal that 42% of all American adults try to actively avoid salt in their diet.[11]

20.     Defendant's practice of capitalizing on consumers' preferences for "No Salt" products is deceptive. This deception continues today, as consumers continue to purchase the Products under the mistaken belief that they contain no salt based on Defendant's false, deceptive, and misleading labeling and advertising of the Products as having "No Salt."

21.     Plaintiff Blosser purchased Defendant's No Salt Garlic & Herb Seasoning from Sam's Club on or about March 16, 2022. The Product was labeled

[8] *Global Reduced Salt Food Products Market Size & Outlook*, Grand View Research, https://www.grandviewresearch.com/horizon/outlook/reduced-salt-food-products-market-size/global (last visited Aug. 6, 2024).
[9] *Id.*
[10] *Sodium Reduction in US and Canada*, Innova Market Insights (July 15, 2024), https://www.innovamarketinsights.com/trends/sodium-reduction/ (last visited Aug. 6, 2024).
[11] Jim Norman, *Americans Divided on Leaving Fat, Sugar, Salt Off the Plate*, Gallup (Aug. 10, 2018), https://news.gallup.com/poll/240635/americans-divided-leaving-fat-sugar-salt-off-plate.aspx (last visited Aug. 6, 2024).

as having "No Salt" on the front of the Product packaging but contains potassium chloride, a salt.

22.     Blosser reasonably and detrimentally relied upon the "No Salt" label on the Product. Blosser and putative Class members would not have purchased the Products had they known that the Products contain salt, or would have paid less for the Products.

23.     The Products are all manufactured by Kinder's.

24.     The Products are all sold at grocery and retail stores throughout California and the United States.

25.     The Products are all manufactured in the same facilities.

26.     The Products all contain seasoning with varied flavor blends.

27.     The Products are all packed in cylindrical containers.

28.     The Products are all labeled and advertised as containing "No Salt."

29.     The Products all include the salt, potassium chloride.

30.     Consumers of the Products have been deceived in the same way.

31.     Consumers of the Products have been injured in the same way.

32.     Consumers of the Products have been damaged in the same way.

33.     Defendant's conduct threatens consumers by using intentionally deceptive and misleading labels. There is no practical reason for false labeling and advertising of the Products other than to mislead consumers as to the presence of salt in the Products while simultaneously providing Kinder's with a financial windfall.

34.     Plaintiff makes the allegations herein upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**The Deceptive Labeling and Advertising of the Products**

35.     Kinder's falsely and deceptively labels the Products with the "No Salt" representation, as depicted in Figures 1-3, *supra*. The Products are sold nationwide at major retailers such as Walmart, Target, and Kroger.

36.    Because consumers place importance on the salt content of foods, Kinder's places the misleading "No Salt" representation in a conspicuous location: on each Product's front label and underneath the Kinder's brand name. To draw consumers' attention, the "No Salt" representation is displayed in bright white capital letters against a dark background in the center of the label. The effect or impression on reasonable consumers is that the Products do not contain any salt—because that is what the Products prominently say.

37.    Contrary to Defendant's misleading "No Salt" labeling and advertising, and excitement in the market based on it, the Products in fact contain salt. According to the Products' ingredient list on the back label, they contain the salt, potassium chloride, as depicted and boxed in red in Figures 1-3, *supra*.

38.    Reasonable consumers do not and are not required to view the back label and ingredient list of a product when purchasing everyday food and beverage items. The Products' advertising and front labeling indicate to consumers that the Products do not contain any salt because that is what they unequivocally declare front-and-center: "No Salt." As a result, reasonable consumers, like Plaintiff, believe that the Products do not contain any salt.

39.    The average consumer lacks the specialized knowledge necessary to identify ingredients listed in the Products' ingredient list as inconsistent with the "No Salt" representation on the front label.[12] Thus, even if a consumer conducted a detailed review of the Products' back label and ingredient list, which they are not required to do under the law, nothing would overcome the reasonable impression created by the "No Salt" representation on the front label—that the Products do not contain any salt.

40.    In the consumer marketplace, Kinder's therefore gets the benefit of selling Products that purportedly contain "No Salt" at a higher price per unit.

---

[12] *See* FDA Guidance, *supra* note 3, p. 5 (noting potassium chloride does not appear to be generally known to consumers as a food ingredient).

41.     Savvy consumers who have discovered Defendant's deceptive labeling scheme have left scathing reviews of the Products on sites such as Amazon and Walmart. For example[13]:

Zachary R.

★☆☆☆☆ **False advertisement**

Reviewed in the United States on May 12, 2024

I don't understand how they advertise no salt while containing salt as the first and second ingredient

2 people found this helpful

( Helpful )    |    Report

‹ **See all details for Kinder's No Salt Seasoning 4 Flavor Variety - (1) Each: Taco Blend...**

★☆☆☆☆ **Verified Purchase** ⓘ                    1/21/2023

## IT'S NOT SALT FREE

You need to be careful when ordering stuff like this. The manufacturer used some extremely misleading information. They claim it's salt free and it truely is; however, that's table salt (Sodium chloride). BUT, it's not really salt free because it has POTASSIUM CHLORIDE which also is a SALT. There's so much potassium chloride in it that I threw it away. Manufactures who employ deceptive marketing techiniques are just the worst IMO. If you're like me and I absolutely must have a controlled diet of salt intake, then you need to stay away from this brand.

thomas

👍 0    👎 0    ⚑

---

[13] *See* https://www.amazon.com/Kinders-Salt-Seasoning-Flavor-Variety/product-reviews/B0BXYZZQKG/ref=cm_cr_dp_d_show_all_btm?ie=UTF8&reviewerType=all_reviews (last visited Aug. 7, 2024); https://www.walmart.com/reviews/product/704962744?page=2 (last visited Aug. 7, 2024); https://www.walmart.com/reviews/product/704962744?page=3 (last visited Aug. 7, 2024).

1
2
3
4
5
6
7
8
9
10
11

★☆☆☆☆                                    6/2/2023

**potassium chloride is a Salt!**

Read the label people, Potassium Chloride is a salt!, shame
on kinders for deceiving people into thinking this is a
complete salt free seasoning, check the internet for yourself
or ask your doctor before using this stuff!

👍 0    👎 0    🚩

12    **Similar Seasoning Products that Do Not Contain Salt are Accurately Labeled**
13    **by Competitors**

14    42.    Seasoning products that do not contain salt, including potassium
15    chloride, are accurately labeled as "No Salt" in the marketplace. For example,
16    Kirkland Signature Organic No-Salt Seasoning is accurately labeled as having "No
17    Salt" on the front label and does not contain potassium chloride in its ingredient list.
18    Similarly, Tony Chachere's No Salt Seasoning Blend is labeled as having "No Salt"
19    on the front label and does not include potassium chloride in its ingredient list.
20    Likewise, Kingsford Original No-Salt All-Purpose Seasoning is also labeled as
21    having "No Salt" on the front label and does not contain potassium chloride in its
22    ingredient list. True and correct representations of the comparator products are set
23    forth below. *See* Figures 4-6, *infra*.

24    //

25    //

26
27
28

1

***Figure 4 – Kirkland Signature Organic No-Salt Seasoning***[14]

2

3

4

5

6



Ingredients: Organic onion, organic garlic, organic carrot, organic black pepper, organic red bell pepper, organic tomato granules, organic orange peel, organic parsley, organic bay leaves, organic thyme, organic basil, organic celery, organic lemon peel, organic oregano, organic savory, organic mustard seed, organic cumin, organic marjoram, organic coriander, organic cayenne pepper, citric acid, and organic rosemary.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[14]  *See* https://www.costco.com/kirkland-signature-organic-no-salt-seasoning%2C-14.5-oz.product.100334965.html (last visited Aug. 7, 2024).

*Figure 5 - Tony Chachere's No Salt Seasoning Blend*[15]



## Ingredients

Brown Sugar, Dehydrated Onion, Dehydrated Garlic, Red Pepper, Dehydrated Bell, Pepper, Lemon Powder (Maltodextrin, Lemon Puree, Citric Acid, Sugar and Lemon Juice), Paprika, Basil, Thyme, Oregano, Silicon Dioxide (to Prevent Caking).

---

[15] *See* https://www.kroger.com/p/tony-chachere-s-no-salt-seasoning-blend/0007199806101 (last visited Aug. 7, 2024).

*Figure 6 - Kingsford Original No-Salt All-Purpose Seasoning*[16]



Ingredients

Dehydrated Vegetables ( Garlic , Onion , Parsley ) , Citric Acid , Spices Including Pepper and Rice Concentrate ( As Anti-Caking Agent ) .

**Seasoning Products that Contain Potassium Chloride are Accurately Labeled by Competitors**

43.     Seasoning products that contain salt, such as potassium chloride, are not unequivocally labeled as having "No Salt" when they do in fact contain salt. For example, the mySALT Salt Substitute Set contains potassium chloride and is not labeled as having "No Salt." Another example is the Morton Sodium Free Salt

---

[16] *See* https://www.kroger.com/p/kingsford-original-no-salt-all-purpose-seasoning/0003384406000 (last visited Aug. 7, 2024).

1  Substitute, which includes potassium chloride and is not labeled as having "No Salt."

2  *See* Figures 7-8, *infra*.

3  ***Figure 7 - mySALT Salt Substitute Set***[17]



**Ingredients**

Original: INGREDIENTS: potassium chloride, lysine -- Butter: INGREDIENTS: potassium chloride, lysine, natural flavors ;CONTAINS MILK -- Garlic: INGREDIENTS: potassium chloride, lysine, garlic

---

[17] *See* https://www.walmart.com/ip/MySALT-Salt-Substitute-100-Sodium-Free-the-Original-Butter-and-Garlic-Flavored/2536826156?wmlspartner=wlpa&selectedSellerId=101559635 (last visited Aug. 7, 2024).

*Figure 8 - Morton Sodium Free Salt Substitute*[18]



Ingredients

Contains: Potassium Chloride, Fumaric Acid, Monocalcium Phosphate and Silicon Dioxide.

### NO ADEQUATE REMEDY AT LAW

44.     Plaintiff and members of the Class are entitled to equitable relief, as no adequate remedy at law exists.

            a.     **Broader Statutes of Limitations.** The statutes of limitations for the causes of action pled herein vary. The limitations period is

---

[18] *See* https://www.kroger.com/p/morton-sodium-free-salt-substitute/0002460000050 (last visited Aug. 7, 2024).

four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA.

b.   **Broad Scope of Conduct.** Additionally, the scope of actionable misconduct under the unfair prong of the UCL is broad. It includes, for example, Defendant's overall unfair marketing scheme to promote and brand the Products with the "No Salt" representation, including the Products' labels and packaging, over a long period of time, in order to take advantage of consumers' desire for products that actually comport with the "No Salt" representation. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements). Thus, Plaintiff and Class members may be entitled to restitution under the UCL Similarly, to state a cause of action for unjust enrichment, a plaintiff need not prove that the defendant engaged in any specific activity, just that it was unjustly enriched at the plaintiff's expense.

c.   **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff, Class members, and the general public because Kinder's continues to fraudulently misrepresent the Products as containing "No Salt." Injunctive relief is necessary to prevent Kinder's from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair,

fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products' "No Salt" representation is not true and providing accurate information about the Products' true nature and/or requiring prominent qualifications and/or disclaimers on the Products' front label concerning the Products' true nature. An injunction requiring affirmative disclosures to dispel the public's misperception and prevent the ongoing deception and repeat purchases based thereon is also not available through a legal remedy, such as monetary damages. In addition, Plaintiff is currently unable to accurately quantify the damages caused by Defendant's future harm because Plaintiff's investigation have not yet been completed and discovery has not yet commenced, rendering injunctive relief all the more necessary. For example, because the Court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Products sales, and quantities of past/future Products sales.

d. **Public Injunction.** Further, because a "public injunction" is available under California's consumer protection and false advertising laws and sought in this case, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

e. **Procedural Posture—Incomplete Discovery and Pre-Certification.** Lastly, this is an initial pleading in this action, and discovery has not yet commenced. No class has been certified yet. No expert discovery has commenced and/or been completed.

1
2
3
4
5
6
7
8
9
10
11
12

The completion of fact and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves the right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

### **CLASS ACTION ALLEGATIONS**

45.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of himself and all other similarly situated individuals (the "Class"), defined as follows:

> All persons who purchased the Products in the United States from a third party retailer (via brick-and-mortar store or website) for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present (the "Class Period").

46.     Excluded from the Class are Defendant, as well as its officers, directors, or employees; officers, directors, or employees of any entity in which Defendant currently has or has had a controlling interest; and Defendant's legal representatives, heirs, successors, and assigns.

47.     Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, among other things, changing circumstances and/or new facts obtained during discovery.

28

48.   The Class members are so numerous that joinder of all members is impracticable. Plaintiff is informed and believes that the proposed Class contains tens of thousands of individuals who have been damaged by Defendant's conduct as alleged herein. The precise number of Class members is unknown to Plaintiff.

49.   Each member of the proposed Class herein has been exposed to Defendant's false and/or misleading labeling and advertising scheme.  Each item that each Class Member purchased from Defendant throughout the Class Period has been accompanied by the false, deceptive, and/or misleading "No Salt" advertising described herein.

50.   Common questions of law and/or fact exist in this case with respect to the proposed Class, which predominate over any questions affecting individual members of the Class. The common questions of law and/or fact include, but are not limited to, the following:

1. Whether Defendant engaged in unlawful, unfair, or deceptive business practices by advertising and selling the Products as alleged herein;

2. Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

3. Whether Defendant's conduct of advertising and selling the Products as containing "No Salt" when they contain potassium chloride, a salt, constitutes an unfair method of competition or unfair or deceptive act or practice in violation of Civil Code Section 1750, *et seq*.;

4. Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code Section 1750, *et seq*.;

5. Whether Defendant represented that the Products have characteristics or quantities that they do not have in violation of Civil Code Section 1750, *et seq*.;

6. Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code Section 1750, *et seq*.;

7. Whether Defendant's labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code Section 17500, *et seq*.;

8. Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code Section 17500, *et seq*.;

9. Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code Section 17200, *et seq*.;

10. Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code Section 17200, *et seq*.;

11. Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code Section 17200, *et seq*.;

12. Whether Plaintiff and the Class paid more money for the Products than they actually received;

13. How much more money Plaintiff and the Class paid for the Products than they actually received;

14. Whether Defendant's conduct constitutes breach of the implied warranty of merchantability;

15. Whether Plaintiff and the Class are entitled to injunctive relief; and

16. Whether Defendant was unjustly enriched by its unlawful conduct at the expense of Plaintiff and the Class.

51.     Plaintiff's claims are typical of the claims of the Class members because Plaintiff, like all Class members, was deceived by Defendant's false and deceptive "No Salt" labeling and advertising scheme, as alleged herein, in a typical consumer setting and sustained damages from Defendant's wrongful conduct.

52.     Plaintiff will adequately protect the interests of the Class and has retained counsel who are experienced in litigating complex class actions. Plaintiff has no interests that conflict with those of the Class.

53.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54.     The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met, as Defendant has acted or refused to act on grounds that apply generally to the Class so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the Class as a whole.

55.     Defendant's conduct is generally applicable to the Class as a whole and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole. As such, Defendant's systematic practices make declaratory relief with respect to the Class as a whole appropriate.

56.     The requirements of Fed. R. Civ. P. 23(b)(3) are met as common issues predominate over any individual issues, and treatment of this matter as a class action is superior to numerous individual actions.

57.     The litigation of separate actions by Class members would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions may be

1  dispositive of the interests of the Class, although certain Class members are not
2  parties to such actions.

3  ### FIRST CAUSE OF ACTION

4  **Violation of California's Unfair Competition Law ("UCL")**

5  **California Business and Professions Code § 17200, *et seq.***

6  58.  Plaintiff repeats and re-alleges the allegations contained in every
7  preceding paragraph as if fully set forth herein.

8  59.  The UCL defines "unfair business competition" to include any
9  "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive,
10  untrue or misleading" advertising. Cal. Bus. Prof. Code § 17200.

11  60.  The UCL imposes strict liability.  Plaintiff need not prove that Kinder's
12  intentionally or negligently engaged in unlawful, unfair, or fraudulent business
13  practices—but only that such practices occurred.

14  ***"Unfair" Prong***

15  61.  A business act or practice is "unfair" under the UCL if it offends an
16  established public policy or is immoral, unethical, oppressive, unscrupulous, or
17  substantially injurious to consumers, and that unfairness is determined by weighing
18  the reasons, justifications, and motives of the practice against the gravity of the harm
19  to the alleged victims.

20  62.  Defendant's actions constitute "unfair" business practices because, as
21  alleged above, Defendant labels and advertises the Products as containing "No Salt"
22  when the Products actually contain potassium chloride, a salt. Defendant's acts and
23  practices offended an established public policy of truthfulness in advertising, and
24  Defendant engaged in immoral, unethical, oppressive, and unscrupulous activities
25  that are substantially injurious to consumers. The "No Salt" representation does not
26  confer any benefit on consumers; rather, it causes injuries to consumers who purchase
27  the Products which they otherwise would not purchase without the deceptive

28

representations or overpay for the Products and receive Products of a lesser standard than what they reasonably expected to receive.

63.   The harm to Plaintiff and Class members outweighs the utility of Defendant's practices. There were reasonably available alternatives to further Defendant's  legitimate business interests other than the misleading and deceptive conduct described herein. Defendant could have refrained from labeling the Products with the unequivocal "No Salt" representation.

64.   All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on hundreds or thousands of occasions daily.

65.   Pursuant to UCL Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practices of labeling the Products with the "No Salt" representation.

66.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff and the Class paid an unwarranted premium for the Products. Specifically, Plaintiff and the Class paid for Products that contain the salt, potassium chloride. Plaintiff and the Class would not have purchased the Products, or would have paid substantially less for the Products, if they had known that the Products' labeling and advertising were deceptive. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

***"Fraudulent" Prong***

67.   A business act or practice is "fraudulent" under the UCL if it is likely  to deceive members of the consuming public.

68.   Defendant's acts and practices alleged above constitute fraudulent business acts or practices as they have deceived Plaintiff and are highly likely to deceive members of the consuming public. Plaintiff relied on Defendant's fraudulent and deceptive "No Salt" representation, which played a substantial role in

1  Plaintiff's decision to purchase Defendant's No Salt Garlic & Herb Seasoning, and
2  Plaintiff would not have purchased that Product without Defendant's
3  misrepresentations.

4     69.   All of the conduct alleged herein occurs and continues to occur in
5  Defendant's business. Defendant's wrongful conduct is part of a pattern or
6  generalized course of conduct repeated on hundreds or thousands of occasions daily.

7     70.   Pursuant to UCL Section 17203, Plaintiff and the Class seek an order of
8  this Court enjoining Defendant from continuing to engage, use, or employ its
9  practices of labeling the Products with the "No Salt" representation.

10     71.   Plaintiff and the Class have suffered injury in fact and have lost money
11  as a result of Defendant's unfair conduct. Plaintiff and the Class paid an unwarranted
12  premium for the Products. Specifically, Plaintiff and the Class paid for Products that
13  contain the salt, potassium chloride. Plaintiff and the Class would not have purchased
14  the Products, or would have paid substantially less for the Products, if they had
15  known that the Products' labeling and advertising were deceptive. Accordingly,
16  Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant
17  to the UCL.

18  ***"Unlawful" Prong***

19     72.   A business act or practice is "unlawful" under the UCL if it violates any
20  other law or regulation.

21     73.   Defendant's labeling of the Products, as alleged herein, violates the FAL
22  and the CLRA as set forth below in the Second and Third Causes of Action,
23  respectively.

24     74.   Defendant's practices, as set forth above, have misled Plaintiff, the
25  proposed Class, and the public in the past and will continue to mislead in the future.
26  Consequently, Defendant's practices constitute an unlawful, fraudulent, and unfair
27  business practice within the meaning of the UCL.

28

75.   Pursuant to UCL Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practices of labeling the Products with the "No Salt" representation.

76.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff and the Class paid an unwarranted premium for the Products. Plaintiff and the Class would not have purchased the Products, or would have paid less for them, if they had known the Products contained the salt, potassium chloride. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

## SECOND CAUSE OF ACTION

### Violation of California's False Advertising Law ("FAL")

### California Business & Professions Code § 17500, *et seq.*

77.   Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

78.   Cal. Bus. & Prof. Code § 17500 provides:

It is unlawful for any…corporation…with intent…to dispose of…personal property…to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading…"

79.   The "intent" required by Section 17500 is the intent to dispose of property, not the intent to mislead the public in the disposition of such property.

80.   Defendant violated Section 17500 when it advertised and marketed the Products in an unfair, deceptive, untrue, and misleading way and disseminated the "No Salt" misrepresentations to the public through the Products' labeling, packaging, and advertising. These representations are false because the Products do not conform

to them. The representations are material because they are likely to mislead a reasonable consumer into purchasing the Products.

81.   In making and disseminating the representations alleged herein, Defendant knew or should have known that the "No Salt" representations are untrue or misleading, and acted in violation of Section 17500.

82.   Defendant's labeling and advertising as alleged herein was specifically designed to induce reasonable consumers, like Plaintiff, to purchase the Products.

83.   As a direct and proximate result of Defendant's misleading and false advertisements, Plaintiff and Class members were harmed and lost money. Plaintiff and the Class paid an unwarranted premium for the Products. Plaintiff and the Class would not have purchased the Products, or would have paid less for them, if they had known the Products contained the salt, potassium chloride. Further, the misleading and false advertising described herein presents a continuing threat to Plaintiff, the Class, and other members of the public, in that Defendant persists and continues to engage in these practices and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to members of the public unless the practices are enjoined or restrained, permanently. Accordingly, Plaintiff seeks a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief, including without limitation, public injunctive relief, to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

## **THIRD CAUSE OF ACTION**

### **Violation of California's Consumers Legal Remedies Act ("CLRA")**

### **California Civil Code § 1750, *et seq*.**

84.   Plaintiff repeats and re-alleges the allegations contained in every preceding paragraph as if fully set forth herein.

85.    This cause of action is brought pursuant to the CLRA, Cal. Civ. Code § 1750, *et seq*. The CLRA provides that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." Cal. Civ. Code § 1770(a). Plaintiff and each member of the proposed Class are "consumers" as defined by Cal. Civ. Code § 1761(d). Defendant is a "person" as defined by Cal. Civ. Code § 1761(c). The purchase of the Products by Plaintiff and the Class are "transactions" within the meaning of Cal. Civ. Code § 1761(e).   The Products purchased by Plaintiff and the Class are "goods" within the meaning of Cal. Civ. Code § 1761(a).

86.    Defendant violated and continues to violate the CLRA by engaging in  the following practices proscribed by Cal. Civ. Code § 1770(a) in transactions with Plaintiff and the Class:

    a.  Representing that the Products have "characteristics…uses, [or] benefits…that [they] do not have"; (a)(5);

    b.  Representing that the Products "are of a particular standard, quality, or grade…[when] they are of another"; (a)(7);

    c. Advertising the Products "with intent not to sell them as advertised"; (a)(9).

87.    Defendant's uniform and material misrepresentations regarding the Products are likely to deceive, and Defendant knew or should have known that its representations were untrue and misleading.

88.    Defendant's conduct was done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

89.    Plaintiff suffered harm as a result of Defendant's violations of the CLRA because he relied on the "No Salt" representation in deciding to purchase Defendant's No Salt Garlic & Herb Seasoning. The "No Salt" representation was a

1  substantial factor and material because a reasonable consumer would consider it
2  important in deciding whether to purchase the Products.

3       90.   Pursuant to § 1782(a) of the CLRA, on December 27, 2023, Plaintiff's
4  counsel notified Defendant in writing by certified mail of the particular violations
5  of § 1770 of the CLRA and demanded that within thirty (30) days from that date, it
6  rectify the problems associated with the actions detailed above. The letter also stated
7  that if Defendant refused to do so, a complaint seeking damages in accordance with
8  the CLRA would be filed. Thirty days elapsed, and Defendant failed to rectify the
9  unlawful, unfair, false, and/or deceptive practices alleged herein. Accordingly,
10 Plaintiff hereby requests damages from Defendant as provided for in Cal. Civ. Code
11 § 1780, including:

12            a.   actual damages in excess of the jurisdictional limits of this Court;
13            b.   statutory damages allowable under Civil Code § 1780;
14            c.   punitive damages;
15            d.   attorneys' fees;
16            e.   court costs and interest; and
17            f.   any other relief which the court deems proper.

18                     **FOURTH CAUSE OF ACTION**
19            **Breach of Implied Warranty of Merchantability**
20            **California Civil Code § 1791, *et seq.***

21       91.   Plaintiff repeats and re-alleges the allegations contained in every
22 preceding paragraph as if fully set forth herein.

23       92.   By warranting the Products contain "No Salt," Defendant made
24 promises and affirmations of fact that the Products are merchantable and conform to
25 the promises or affirmations of fact made on the Products' packaging and labeling,
26 *e.g.*, that the Products do not contain any salt. This labeling and advertising,
27 combined with the implied warranty of merchantability, constitute warranties and
28 became part of the basis of the bargain between Plaintiff and members of the Class

1  and Defendant—namely, that the Products conform to the labeling and advertising
2  and contain "No Salt."

3  93.  Contrary to the implied warranty of merchantability, Defendant's
4  Products do not conform to the labeling and advertising because they contain the
5  salt, potassium chloride, and, therefore, Defendant breached its implied warranty
6  about the Products and their qualities.

7  94.  As a direct and proximate result of Defendant's breach of the implied
8  warranty of merchantability, Plaintiff and the Class have been damaged in an amount
9  to be proven at trial.

10  **FIFTH CAUSE OF ACTION**

11  **Unjust Enrichment**

12  95.  Plaintiff repeats and re-alleges the allegations contained in every
13  preceding paragraph as if fully set forth herein.

14  96.  By purchasing the Products as described in this Complaint, Plaintiff and
15  the Class conferred a monetary benefit on Defendant.

16  97.  As described in this Complaint, Defendant had knowledge of such
17  benefit, and Defendant appreciated the benefit because, were consumers not to
18  purchase the Products, Defendant would not generate revenue from the sales of the
19  Products.

20  98.  Defendant's knowing acceptance and retention of the benefit is
21  inequitable and unjust because the benefit was obtained by Defendant's fraudulent,
22  misleading, and deceptive representations, as described in this Complaint.

23  99.  As a direct and proximate result of Defendant's unjust enrichment,
24  Plaintiff and the Class were harmed and are entitled to restitution or restitutionary
25  disgorgement, in an amount to be proven at trial.

26  **PRAYER FOR RELIEF**

27  WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for
28  judgment against Defendant as follows:

(a) An order certifying this action as a class action, appointing Plaintiff as the Class representative, and designating the undersigned as Class counsel;

(b) A declaration that Defendant is financially responsible for notifying Class members of the pendency of this suit;

(c) An order enjoining Defendant's use of deceptive "No Salt" representations in connection with the advertising and sale of any food product;

(d) A judgment awarding Plaintiff and all Class members restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the Class as a result of the unlawful, unfair and/or fraudulent business practices described herein;

(e) A judgment awarding Plaintiff and the Class damages under common law and/or by statute, and punitive damages;

(f) An order enjoining Defendant from continuing to violate the UCL and/or FAL and/or CLRA as described herein, and/or an order enjoining Defendant from violating the UCL and/or FAL and/or CLRA in the future;

(g) Additional awards of up to $5,000 for physical, emotional, or economic damage for all senior citizen and disabled Class members, pursuant to California Civil Code § 1780(b)(1);

(h) A judgment awarding Plaintiff and Class members their costs of suit, including reasonable attorneys' fees pursuant to Code of Civil Procedure § 1021.5, Civil Code § 1780(e)and as otherwise permitted by statute or law, and pre- and post-judgment interest; and

(i) Granting such other and further relief as this Court may deem just and proper.

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Date: August 27, 2024

**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**

By: */s/ Helen I. Zeldes*
Helen I. Zeldes, Esq. (SBN 220051)
*hzeldes@sshhzlaw.com*
Amy C. Johnsgard, Esq. (SBN 279795)
*ajohnsgard@sshhzlaw.com*
Aya Dardari (SBN 344039)
*adardari@sshhzlaw.com*
501 West Broadway, Suite 800
San Diego, California 92101
Tel: (619) 400-4990
Fax: (310) 399-7040

Joshua A. Fields (SBN 242938)
*jfields@sshhzlaw.com*
9415 Culver Blvd., #115
Culver City, CA 90232-2616
Tel: (619) 400-4990
Fax: (310) 399-7040

*Counsel for Plaintiff Mark Blosser
and the Proposed Class.*

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff hereby demands a trial by jury for all claims so triable.

3

4

Respectfully submitted,

5

Date: August 27, 2024

**SCHONBRUN SEPLOW HARRIS
HOFFMAN & ZELDES, LLP**

6

7

By: _/s/ Helen I. Zeldes_

Helen I. Zeldes, Esq. (SBN 220051)

8

*hzeldes@sshhzlaw.com*
Amy C. Johnsgard, Esq. (SBN 279795)

9

*ajohnsgard@sshhzlaw.com*
Aya Dardari (SBN 344039)

10

*adardari@sshhzlaw.com*
501 West Broadway, Suite 800

11

San Diego, California 92101
Tel: (619) 400-4990

12

Fax: (310) 399-7040

13

Joshua A. Fields (SBN 242938)

14

*jfields@sshhzlaw.com*
9415 Culver Blvd., #115

15

Culver City, CA 90232-2616
Tel: (619) 400-4990

16

Fax: (310) 399-7040

17

*Counsel for Plaintiff Mark Blosser*

18

*and the Proposed Class.*

19

20

21

22

23

24

25

26

27

28